■ In the Matter of ALBERT J. STEVENSON, Appellant, v COUNTY OF MONROE et al., Respondents. — Order unanimously reversed, with costs, and motion granted. Memorandum: Claimant appeals from Special Term's denial of his application to serve a late notice of claim (General Municipal Law, § 50-e, subd 5) in a proposed action alleging fraud, abuse of process, infliction of mental distress, and other torts. On July 10, 1981 claimant was notified by the Monroe County Civil Service Commission that it had affirmed the determination of the Spencerport School District to dismiss him from his position as superintendent of buildings and grounds for alleged misconduct and insubordination. On July 12, 1982 he received a letter from the then manager of the Civil Service Commission alleging that in determining to affirm claimant's dismissal the commission had improperly considered unrelated criminal charges pending against him. On August 12, 1982 claimant applied for leave to serve a late notice of claim in the proposed action based on the allegations in the July 12 letter. We hold that Special Term abused its discretion in denying the application. Claimant's assertion that prior to receipt of the July 12, 1982 letter he was unaware of the alleged misconduct of the commission is undisputed. Claimant contacted an attorney shortly thereafter and the attorney promptly

moved to serve a notice of claim. Where discovery of the facts underlying the claim is delayed due to no fault of the claimant, the delay in serving a notice of claim has been held to be justified (see, e.g., *Matter of Alessi v County of Nassau,* 85 AD2d 725; *Matter of Castano v New York City Health & Hosps. Corp.,* 83 AD2d 836; *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). Defendants do not allege prejudice due to the delay. Although it does not appear that the public corporation had actual knowledge of the essential facts until the application to serve the notice of claim there is no claim that the delay left defendants unable to prepare a defense (cf. *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 266) and claimant by prompt service of the application gave the county actual knowledge of the incident within a reasonable time (see *Segreto v Town of Oyster Bay,* 66 AD2d 796). Under all of the circumstances, particularly the valid excuse for the delay and the lack of prejudice to the defendants, the application should have been granted. It appears that Special Term in denying the application relied primarily on its assessment of the merits of the proposed lawsuit. This was improper; a showing that the proposed action is meritorious is not required under subdivision 5 of section 50-e of the General Municipal Law. We find no merit to defendant's argument that the appeal is now moot because the substantive action, when and if commenced, would be barred by plaintiff's failure to serve the summons and complaint prior to the expiration of the one-year and 90-day period for commencing the action (General Municipal Law, § 50-i). The effect of the claimed expiration of the limitations period in the anticipated lawsuit is not relevant to the question before us, viz., whether leave to serve the late notice of claim (which was timely requested) was properly denied. (Appeal from order of Supreme Court, Monroe County, Mastrella, J. — late notice of claim.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.