■ LOWELL R. DUTCHER, Appellant, v TOWN OF SHANDAKEN, Respondent. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered December 1, 1982 in Ulster County, which, on reargument, granted defendant's motion to dismiss the complaint. During August and September, 1980, defendant Town of Shandaken, while repairing a bridge, allegedly diverted the course of the Fox Hollow stream onto land owned by plaintiff. Plaintiff attempted to build a wall to allegedly prevent the water from further inundating his land and damaging a roadway and planting area thereon. On July 2, 1981, the Department of Environmental Conservation responded by

charging plaintiff with interfering with the banks of a trout stream tributary (ECL 11-0503, subd 4), a criminal offense (ECL 71-0919, 71-0923). On August 10, 1981, plaintiff commenced an action against New York State, Charles Smith (Shandaken Town Justice), Henry Bernstein (Department of Environmental Conservation employee), Edward Ocker (Shandaken Town Highway Superintendent), and defendant town seeking damages and an injunction against his prosecution on the above charges. Plaintiff also sought damages and an injunction to prevent defendant town from continuing to divert the stream and to compel restoration of his land. By order dated November 30, 1981, Special Term, *inter alia,* (1) dismissed plaintiff's action against New York State and Smith on the grounds that plaintiff had failed to show that they were conducting criminal proceedings against him without jurisdiction, and (2) dismissed plaintiff's action against Ocker and defendant town on the grounds that there was no personal jurisdiction over them since the summons was improperly served. On February 11, 1982, defendant town received a notice of claim (General Municipal Law, § 50-e) prepared by plaintiff. On or about April 14, 1982, plaintiff commenced the subject action against defendant, alleging four causes of action: (1) damages for a continuous trespass; (2) damages for negligence; (3) damages for nuisance; and (4) an injunction against further inundation of his land and an order compelling its restoration. After serving its answer, defendant demanded to examine plaintiff on July 2, 1982 at 4:00 P.M. pursuant to section 50-h of the General Municipal Law. When plaintiff's attorney arrived for the examination 45 minutes late, defendant refused to proceed with the examination. Following the apparent denial of the defendant's motion to dismiss on July 30, 1982, plaintiff was allowed to amend his complaint to allege service of a notice of claim. Thereafter, Special Term granted defendant's application for reargument of its motion to dismiss and, upon reargument, Special Term dismissed plaintiff's now amended complaint on the grounds that plaintiff had failed to commence his action against defendant within one year and 90 days from the occurrence alleged in the complaint (see General Municipal Law, § 50-i, subd 1, par [c]). This appeal ensued. Plaintiff contends that Special Term incorrectly dismissed his complaint because it failed to recognize that the requirements contained in the General Municipal Law (§ 50-e, subd 1, par [a]; § 50-i, subd 1, pars [a], [c]) are inapplicable to this suit. In this regard, it is well settled that a notice of claim is not required for an action brought in equity against a municipality where the demand for money damages is incidental and subordinate to the requested injunctive relief (*Watts v Town of Gardiner,* 90 AD2d 615; *Fontana v Town of Hempstead,* 18 AD2d 1084, affd 13 NY2d 1134). Although plaintiff seeks money damages to compensate him for the alleged harm done to his property, we find these claims subordinate and incidental to plaintiff's fourth cause of action, which seeks equitable relief. As this court noted in *Watts v Town of Gardiner (supra),* the coincidental character of the money damages sought is "truly ancillary to an injunction suit, i.e., there is a continuing wrong presenting a genuine case for the exercise of the equitable powers of the court". Likewise, section 50-i (subd 1, par [c]) of the General Municipal Law, which requires that the action be commenced within one year and 90 days after the happening of the event upon which the claim is based, is inapplicable (*Malloy v Town of Niskayuna,* 64 Misc 2d 676, 679-680; see, also, *Kyle v Village of Catskill,* 81 Misc 2d 1035, 1037-1038). Consequently, Special Term erred in dismissing plaintiff's complaint. Having reached the above conclusion, it is necessary to address defendant's contention that the instant action is barred by the doctrine of *res judicata* since plaintiff's prior claim against it, also for injunctive relief and monetary damages resulting from the alleged stream diversion, was dismissed by the order of November 30, 1981. However, a prior

judgment must be on the merits before full *res judicata* effect can be given to it (5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.11). Here, as has already been noted, plaintiff's prior action against defendant was not adjudicated upon the merits but rather was dismissed solely on jurisdictional grounds (see *Weissman v Euker*, 1 AD2d 30). This being the case, the present action is not barred by the order of November 30, 1981 (*id.*). We have examined defendant's remaining contention and find it to be without merit. Order reversed, on the law and the facts, without costs, and defendant's motion to dismiss the complaint denied. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.