■ Frieda Itzkowitz, Appellant, v Town Board of the Town of Niagara et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special Term erred in dismissing plaintiff's entire complaint, which included a fifth cause of action for a declaratory judgment, on the ground that a CPLR article 78 proceeding seeking the same relief as the declaratory judgment cause of action was pending. Defendants failed to submit the petition in the article 78 proceeding or any other proof that the claims were identical *(see, Weiss v Salamone,* 116 AD2d 1009, 1010). However, defendants' motion to dismiss plaintiff's first four causes of action, all sounding in torts, should have been granted based on plaintiff's conceded failure to serve a notice of claim as required by General Municipal Law § 50-e and Town Law § 67. Although the failure to serve a notice of claim has been excused in cases in which the primary relief sought was equitable in nature, and monetary damages were incidental, those cases also involved requests for injunctive relief from continuing acts by municipalities, a factor not present here *(Sammons v City of Gloversville,* 175 NY 346; *Dutcher v Town of Shandaken,* 97 AD2d 922; *Malcuria v Town of Seneca,* 84 AD2d 931, *mot to dismiss appeal granted* 55 NY2d 1037; *Fontana v Town of Hempstead,* 18 AD2d 1084, *affd* 13 NY2d 1134). We further find that defendants waived any Statute of Limitations defense with respect to plaintiff's fifth cause of action, seeking a declaratory judgment, by failing to raise it in a preanswer motion or in their answer (CPLR 3211 [e]). Thus, the fifth cause of action remains intact. (Appeal from order of Supreme Court, Niagara County, Koshian, J.—declaratory judgment.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.