(July 18, 1988)

■ BASS BUILDING CORP., Respondent-Appellant, v VILLAGE OF POMONA et al., Appellants-Respondents.—In an action, *inter alia,* for a judgment declaring the invalidity of a resolution of the Village of Pomona, the defendants appeal from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated April 6, 1987, as denied their motion to dismiss the complaint, and the plaintiff cross-appeals from so much of the same order as denied its application for a preliminary injunction.

Ordered that the order is modified by deleting the provision thereof denying the plaintiff's motion and substituting therefor a provision granting the plaintiff's motion, on condition that the plaintiff file in the office of the Clerk of the Supreme Court, Rockland County, an undertaking with a corporate surety pursuant to CPLR 6312 (b), in the sum of $500, and

serve a copy of the same upon the defendants; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff Bass Building Corp. (hereinafter Bass) owns a tract of land known as Wesley Hills Estates that it was developing in the Village of Wesley Hills, just south of its border with the Village of Pomona (hereinafter Pomona). Hidden Valley Drive is a roadway that extends from Pomona into Wesley Hills, where it is known as Beatrice Road. This drive provided ingress and egress to and from Wesley Hills Estates.

On June 4, 1986, the Board of Trustees of the Village of Pomona held a public meeting at which various citizens testified that the last 200-foot stretch of Hidden Valley Drive, before it became Beatrice Road in Wesley Hills, was useless to Pomona. That section of Hidden Valley Drive was thereafter formally discontinued by Pomona.

Alleging that the Pomona resolution was designed to prevent the development of Wesley Hills Estates by leaving it with only one means of ingress and egress, and that the Wesley Hills Planning Board had stayed its application for preliminary site plan approval until the issue of access through Hidden Valley Drive had been resolved, Bass sued for injunctive relief as well as for compensatory and punitive damages. Bass moved for a preliminary injunction, and the defendants moved to dismiss the complaint. The Supreme Court denied both applications.

On appeal, the defendants argue that Bass lacks standing to challenge a determination by the Board of the Village of Pomona since it cannot show damage to any property owned by it within Pomona. The defendants further contend that Bass's failure to file a notice of claim should have acted as a bar to its cause of action for monetary damages. These arguments are without merit.

Municipalities hold the fee of streets for the general public. The trust is *publicum juris,* that is, for the whole People of the State *(People v Grant,* 306 NY 258; *City of New York v Rice,* 198 NY 124). A municipality may not reserve its public streets for the benefit of its citizens as against the rights of outsiders *(City of New York v Rice, supra).* Under the "zone of interest" doctrine of standing, a plaintiff need demonstrate only that a municipal action has damaged it, and that the interest asserted is arguably within the zone of interest to be protected *(Matter of Dairylea Coop. v Walkley,* 38 NY2d 6; *Glen Head—Glenwood Landing Civic Council v Town of Oys-*

*ter Bay,* 88 AD2d 484). Here, Pomona holds the fee of streets for the benefit of the public, and the interest of Bass as a member of the public in the continued existence of Hidden Valley Drive is within the zone of interest to be protected. This interest was affected by Pomona's resolution, which also interfered with the ability of the plaintiff to subdivide and develop its property.

Moreover, since Bass's action for money damages is incidental to its primary equitable action, no notice of claim is required *(see, 154 E. Park Ave. Corp. v City of Long Beach,* 76 Misc 2d 445, *mod on other grounds* 49 AD2d 949, *affd* 52 NY2d 991, *rearg denied* 53 NY2d 798, *cert denied* 454 US 858).

Bass cross-appeals, alleging that it is entitled to the preliminary injunction requested, since it has shown a strong probability of success on the merits, a genuine risk of irreparable harm if the injunction is not granted, and a balancing of the equities in its favor. We agree.

Bass has demonstrated that it has a good probability of succeeding on the merits, since an examination of the record reveals that Pomona did not establish, or even attempt to establish at its public hearing, that the discontinued portion of Hidden Valley Drive had become useless as a right-of-way to the general public (Village Law §§ 6-612, 6-614; 20 Opns St Comp, 1964, at 375). No "presumption of regularity" can rescue a "finding" by Pomona's Board of Trustees that is legally insufficient on its face.

Bass has further shown that it is at risk of irreparable injury, since Pomona remains at liberty to so alter or alienate the disputed roadway that, should Bass ultimately win on the merits, its victory would be meaningless. Under CPLR 6301, "A preliminary injunction may be granted * * * where it appears that the defendant threatens or is about to do * * * an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual" *(see, Poling Transp. Corp. v A & P Tanker Corp.,* 84 AD2d 796).

Finally, the equities balance in Bass's favor, since the issuance of the preliminary injunction will preserve the status quo and protect Bass's rights, without damaging Pomona's ability to transform the property at a later time should they prevail at trial. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.