■ MARGARET A. CONSENTINO, Formerly Known as MARGARET A. SWEENEY, Respondent, v JAMES F. SWEENEY, Appellant. —In a matrimonial action in which the parties were divorced by judgment dated November 26, 1973, the defendant husband appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered March 27, 1987, which upon granting the plaintiff wife's application pursuant to Domestic Relations Law § 244, awarded her (1) the sum of $24,050 in child support arrears, and (2) $2,500 in counsel fees.

Ordered that the order is modified, on the law, by deleting the first decretal paragraph thereof which fixed arrears in the amount of $24,050, and directed the entry of a money judgment for that amount; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a recomputation of arrears in accordance herewith.

By order to show cause dated June 14, 1985, the plaintiff

wife sought leave to enter a money judgment in the amount of $21,150, representing arrears in child support payments accruing between June 1975 and March 1985. In opposition to the motion, the defendant husband argued, *inter alia,* that (1) the plaintiff had forfeited her entitlement to child support since she had relocated to California in alleged violation of an agreement limiting her choice of residence to the New York area, and (2) the plaintiff had permitted the parties' daughter to "illegally" use her stepfather's surname in place of the defendant's. Additionally, in argument after a hearing on the matter was conducted—and in his posttrial memorandum— the defendant argued that the Statute of Limitations barred a portion of the plaintiff's claim for arrears.

After determining that the defendant had waived the Statute of Limitations defense by failing to raise it in his opposition papers, the Supreme Court rejected the defendant's substantive contentions and awarded the plaintiff (1) arrears from July 1975 in the sum of $24,050, and (2) a $2,500 counsel fee. The defendant now appeals.

The defendant's contention with respect to the plaintiff's relocation in California is lacking in merit. Although at the hearing the defendant claimed that the parties had executed an additional agreement limiting the plaintiff's residence to the New York area, no such agreement was produced by the defendant at the hearing, and the plaintiff denied that she had ever agreed to such a restriction. Moreover, neither the separation agreement nor the divorce judgment places geographical limitations upon the plaintiff's choice of residence. In any event, the Domestic Relations Law has been amended recently so as to preclude a party's raising interference with visitation rights as a defense to an application to enforce the payment of child support (*see,* Domestic Relations Law § 241, as amended by L 1986, ch 892, § 7).

The defendant's contention that the parties' daughter, by informally using her stepfather's surname "Consentino", forfeited her right to parental support, is without merit. The daughter—who had not legally changed her name—testified that she had adopted the name "Consentino" because friends had questioned why her surname differed from that of the other members of her family with whom she was living. She further stated that she had spoken to the defendant about her reasons for using the surname "Cosentino" and that the defendant stated he understood. In short, the record provides no basis for the defendant's contention that his daughter actively abandoned him so as to justify termination of his

obligation to provide support *(cf., Matter of McCarthy v Braiman,* 125 AD2d 572).

We do not agree, however, with the Supreme Court's determination that the defendant waived his claim based on the applicable six-year Statute of Limitations merely because his opposing affirmation did not formally invoke the defense *(see,* CPLR 213 [2]; *see also, Tauber v Lebow,* 65 NY2d 596). Although the defendant did not raise the Statute of Limitations in his opposing papers, the plaintiff's application for arrears was not one in which the issues were framed through the use of formal pleadings, to which the rules governing the affirmative assertion of defenses would have application *(cf., Matter of Augenblick v Town of Cortlandt,* 66 NY2d 775, *rearg denied* 67 NY2d 647). In any event, the plaintiff was afforded ample opportunity to counter the Statute of Limitations argument, since the defense counsel raised the issue in his closing comments after the hearing and subsequently reasserted the contention in his posttrial memorandum, to which the plaintiff replied without objecting to the inclusion of the issue in the case. We find that all claims for child support arrears accruing prior to June 14, 1979 are barred by the Statute of Limitations.

Further, the record reveals that the parties consented to the court's reviewing their respective claims for counsel fees based on the affidavits submitted, and the record further discloses that the $2,500 fee awarded was not excessive under the circumstances. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.