■ In the Matter of JEAN M. NOEL, Appellant, v BOARD OF ELECTIONS OF THE COUNTY OF PUTNAM et al., Respondents. [611 NYS2d 222] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Elections of the County of Putnam which terminated the petitioner's employment as Senior Clerk of the Board of Elections, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated May 6, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner brought this CPLR article 78 proceeding to compel the Board of Elections of the County of Putnam to reinstate her to the civil service position of Senior Clerk retroactive to January 2, 1991, and pay her the salary, benefits and all other emoluments of the position retroactive to that date. In her petition she asserts several reasons for the wrongful termination of her employment. She also alleged that the statute by which she was categorized as an "unclassi-

fied" employee (see, Civil Service Law § 35 [f]) is unconstitutional. The Supreme Court dismissed the petition in its entirety, finding that the petitioner failed to serve a notice of claim with respect to those causes of action which alleged wrongful termination, and that her application for leave to serve a late notice of claim was not timely. The remaining cause of action, wherein the petitioner asserted that Civil Service Law § 35 (f) is unconstitutional, was dismissed because the plaintiff failed to name the Attorney-General as a party. We affirm, but on somewhat different grounds.

Contrary to the Supreme Court's determination, the petitioner was not required to serve a notice of claim with respect to her first and second "causes of action" (see, Dutcher v Town of Shandaken, 97 AD2d 922; Bass Bldg. Corp. v Village of Pomona, 142 AD2d 657; County Law § 52; General Municipal Law § 50-e). However, those "causes of action" were properly dismissed, as the petitioner, an at will, unclassified employee, does not make out "causes of action" sounding in wrongful termination upon which relief can be based.

Finally, we agree with the Supreme Court's determination that dismissal of the third "cause of action" was warranted because the petitioner failed to serve the Attorney-General as a necessary party (see, Executive Law § 71; Matter of Jerry v Board of Educ., 44 AD2d 198, mod on other grounds 35 NY2d 534). Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.