■ KIERAN D. O'SULLIVAN, Appellant, v JOAN M. O'SULLIVAN, Respondent. [614 NYS2d 828] ▬▬▬▬▬▬▬▬ Memorandum: Plaintiff waived his Statute of Limitations defense by failing to raise it in a timely manner (see, CPLR 3211 [e]; Matter of Augenblick v Town of Cortlandt, 66 NY2d 775, 777, rearg denied 67 NY2d 647; Itzkowitz v Town Bd., 139 AD2d 932). Plaintiff's argument that the provisions of CPLR 3211 are inapplicable to this

proceeding, in reliance on *Consentino v Sweeney* (143 AD2d 971), is not properly before us because that argument is raised for the first time in plaintiff's reply brief. "The practice of raising a new substantive issue in a reply brief at a time when an adversary can no longer respond to it is improper" *(People v Minota,* 137 AD2d 837, 838, *lv denied* 71 NY2d 1030; *see, State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514, 521-522, *affd* 65 NY2d 369). In any event, plaintiff's reliance on *Consentino* is misplaced because the facts of that case are distinguishable from those in this case. Plaintiff failed to raise the Statute of Limitations defense until after Supreme Court rendered its decision on defendant's postjudgment application pursuant to Domestic Relations Law § 244 and, only then, in response to defendant's motion to reargue. Thus, plaintiff's failure to raise the defense in a timely manner deprived defendant of the opportunity to challenge its applicability *(see, Szigyarto v Szigyarto,* 64 NY2d 275, 280).

Lastly, plaintiff's argument that a 6% interest rate is applicable to that portion of the arrears accruing prior to June 25, 1981 is advanced for the first time on appeal and thus, the argument is not preserved for review *(see, Nemia v Nemia,* 124 AD2d 407, *lv denied* 69 NY2d 611). In any event, we conclude that the court properly awarded defendant interest on the judgment for arrears pursuant to Domestic Relations Law § 244. (Appeal from Judgment of Supreme Court, Nassau County, Yachnin, J.—Support.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.