■ KAREN KOLBENHEYER, Respondent, v HOWARD KOLBENHEYER, Appellant. [619 NYS2d 598] —In a matrimonial action in which the parties were divorced by judgment dated July 6, 1984, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), entered August 13, 1992, as awarded the plaintiff former wife child support arrears in the amount of $31,790 for the period up to and including May 1, 1992, and counsel fees in the amount of $3,500.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly employed the expedited procedure provided by Domestic Relations Law § 244 and awarded the plaintiff child support arrears without holding a hearing. In neither his opposition nor his surreply papers did the defendant demonstrate good cause for his failure to apply for relief from the order directing payment (see, Domestic Relations Law § 244). Further, and most significantly, the defendant wholly failed to demonstrate, or even allege, that he actually made any of the individual child support payments which the plaintiff averred he had missed. His submission of unverified copies of letters and documents from since-withdrawn proceedings in the State of Florida, in which various amounts of child support arrears were sought, without more, was insufficient to require the court to abandon the expedited procedure provided by Domestic Relations Law § 244.

The defendant's Statute of Limitations claim is unpreserved for appellate review because he failed to raise it at any juncture in the proceedings before the Supreme Court (see, O'Sullivan v O'Sullivan, 206 AD2d 960; Silvester v Silvestrelli, 204 AD2d 427; cf., Consentino v Sweeney, 143 AD2d 971). Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.