■ CATHERINE A. MORRISON, Also Known as CATHERINE A. NORRIS, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [625 NYS2d 174] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 25, 1993, which denied plaintiff's motion to dismiss defendant's third affirmative defense, unanimously reversed, on the law, and the defense dismissed; order of the same court, Justice and date, insofar as it granted defendant's motion to dismiss plaintiff's first and second causes of action for failure to file a notice of claim and as untimely, unanimously reversed, on the law, and the causes of action reinstated; appeal from the same order insofar as it granted defendant's motion to dismiss plaintiff's second complaint as duplicative, dismissed as moot, all without costs.

Actions against a municipality to recover damages for unlawful discriminatory practices brought under Executive Law § 296 are not subject to the notice of claim requirement set down in General Municipal Law § 50-e for tort claims involving personal injury, wrongful death or property damage (*Alaimo v New York City Dept. of Sanitation*, 203 AD2d 501; *Simpson v New York City Tr. Auth.*, 188 AD2d 522). Moreover, claims under Executive Law § 296 are governed by the three-

year Statute of Limitations prescribed by CPLR 214 (2) *(see, Koerner v State of N. Y. Pilgrim Psychiatric Ctr.,* 62 NY2d 442; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 307),* and the within action was, therefore, timely brought. Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Tom, JJ. [As amended by unpublished order entered June 20, 1995.]