■ Serkil, L. L. C., Appellant, v City of Troy, Respondent. [686 NYS2d 892] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered December 24, 1997 in Rensselaer County, which denied plaintiff's motion for permission to. serve a late notice of claim and partially granted defendant's motion to dismiss the complaint.

On December 28, 1995, the parties entered into a contract whereby plaintiff was to lease defendant's landfill for the operation of a transfer station in connection with the disposal of defendant's municipal solid waste. The contract required plaintiff to make a $200,000 payment by December 31, 1995 and a second payment of approximately $1 million a year later. In return, defendant was to deliver to plaintiff all of its municipal solid waste and to pay plaintiff $65 per ton for that waste. The contract was subject to approval by defendant's Supervisory Board, which was given on June 26, 1996. Apparently unbeknownst to plaintiff at the time of contract, defendant had been required to cease operation of the transfer station by November 15, 1995 pursuant to a State Department of Environmental Conservation consent order. Defendant's November 15, 1995 request for a four-month extension of that deadline had been denied on December 1, 1995. Plaintiff never

made any payments under the contract or undertook to dispose of defendant's solid waste.

Claiming that defendant entered into a contract it knew it could not perform, plaintiff commenced this action on April 7, 1997 seeking declaratory relief and alleging causes of action in fraud, fraud in the inducement, negligent misrepresentation, negligence, gross negligence and breach of contract. Plaintiff simultaneously served a notice of claim upon defendant. The basis of the claim was defendant's "tortious conduct" in wrongfully inducing it to sign the contract. Within weeks, defendant commenced its own action against plaintiff also alleging breach of contract. In its answer to plaintiff's complaint, defendant asserted the late filing of the notice of claim as an affirmative defense. In response, plaintiff moved to, *inter alia*, "validate" the notice of claim served on April 7, 1997 or, alternatively, for permission to file a late notice of claim. Defendant cross-moved to dismiss the complaint for failing to serve a timely notice of claim. The two pending actions were consolidated on October 6, 1997. At issue on appeal is the propriety of Supreme Court's order denying plaintiff's motion to serve a late notice of claim with respect to its fraud, fraud in the inducement, negligent misrepresentation, negligence and gross negligence claims.[1]

As a prefatory matter, there is no merit to plaintiff's contention that it is primarily seeking equitable relief and, therefore, no notice of claim was required to be served. While the failure to serve a notice of claim has been excused in cases where the primary relief sought was equitable in nature, and monetary damages were merely incidental to that relief, those cases involved requests for injunctive relief from continuing acts by a municipality (*see, e.g., Sammons v City of Gloversville*, 175 NY 346; *Itzkowitz v Town Bd.*, 139 AD2d 932; *Dutcher v Town of Shandaken*, 97 AD2d 922; *Watts v Town of Gardiner*, 90 AD2d 615; *Malcuria v Town of Seneca*, 84 AD2d 931, *appeal dismissed* 55 NY2d 1037; *Fontana v Town of Hempstead*, 18 AD2d 1084, *affd* 13 NY2d 1134; *Grant v Town of Kirkland*, 10 AD2d 474). This critical factor is not present here.

Next, we find that Supreme Court properly dismissed the five tort claims pursuant to General Municipal Law § 50-e (1) (a), which requires that a notice of claim be filed within 90 days after a claim arises as a condition precedent to the commencement of an action against a municipality, and General Municipal Law § 50-i (1), which requires that an action be com-

---

1. Noting that a notice of claim is only required for tort claims against a municipality, Supreme Court left intact plaintiff's claims for declaratory relief and breach of contract.

menced within one year and 90 days after the happening of the event upon which the claim is based. Significantly, this latter requirement is independent of when the cause of action actually accrues (see, *Klein v City of Yonkers*, 53 NY2d 1011, 1013).

With respect to General Municipal Law § 50-e, there is no real dispute that no notice of claim was served within 90 days after plaintiff's claims arose since the notice of claim was not filed until April 7, 1997—some 16 months after the parties entered into the contract.[2] The more disputed point is whether plaintiff commenced this action within the one year and 90-day Statute of Limitations. We find that it did not.

In its papers before Supreme Court, plaintiff asserted that the "event" upon which the claim is based was its receipt of defendant's March 7, 1997 letter demanding performance of the contract. On appeal, plaintiff asserts for the first time that the "event" upon which the claim is based was the Supervisory Board's June 26, 1996 approval of the contract. In our view, neither of these dates is controlling. Plaintiff's notice of claim is based upon defendant's allegedly tortious conduct relative to the execution of the parties' contract—i.e., the "event upon which the claim is based" was its execution of a contract it allegedly knew it could not perform. Thus, the limitation period began to run for purposes of General Municipal Law § 50-i (1) on December 28, 1995 regardless of when payment under the contract was demanded or approval ultimately given (see, *Klein v City of Yonkers, supra*; *Kitonyi v Albany County*, 128 AD2d 1018). Since the Statute of Limitations period had expired prior to April 7, 1997, Supreme Court lacked the power to "validate" the notice of claim served or to grant leave to file a late notice of claim (see, *Pierson v City of New York*, 56 NY2d 950, 954-955; *Simons v Sherburne-Earlville Cent. School Dist.*, 233 AD2d 592, 593; *Matter of Dockery v Department of Hous. Preservation & Dev.*, 223 AD2d 705).

Finally, although the record reflects that the parties, at plaintiff's behest, apparently made efforts to settle their differences, plaintiff has not demonstrated the existence of fraud, misrepresentation or deception which induced it to refrain from timely commencing this action so as to estop defendant

---

2. Although not necessarily a decisive date, noticeably absent from the record is any indication of when plaintiff actually learned of the consent order (compare, *Matter of Stevenson v County of Monroe*, 97 AD2d 969, affd 63 NY2d 963). It can be gleaned from the affidavit of James McGuire, a member of plaintiff, that plaintiff knew of same, at the latest, by June 27, 1996. Referencing defendant's June 27, 1996 demand for contract performance "[i]n spite of" the closure of the transfer station, McGuire averred that "settlement discussions" to resolve the parties' "differences" began at that time.

from asserting the Statute of Limitations defense (*see, Simcuski v Saeli*, 44 NY2d 442, 448-449; *cf., Roscigno v Town of Mount Kisco*, 210 AD2d 573, 574-575).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.