■ IAN J. ROBERTSON et al., Appellants, v TOWN OF CARMEL et al., Respondents. [714 NYS2d 442] —In an action, *inter alia*, to permanently enjoin the defendants from continuing to divert water, silt, and other materials onto the plaintiffs' property by artificial means, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated May 27, 1999, as granted the cross motion of the defendant Town of Carmel to dismiss the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was to dismiss the fifteenth cause of action insofar as asserted against the defendant Town of Carmel, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs assert causes of action to recover damages for nuisance, continuing trespass, condemnation, and negligence, and also seek a permanent injunction. The fifteenth cause of action is equitable in nature (abatement of nuisance and injunctive relief) whereas the other causes of action asserted against the Town each seek $500,000 in damages.

The requirement to file a formal notice of claim with a municipality does not apply to a cause of action in equity to restrain a continuing act, such as the fifteenth cause of action, or to demands for money damages which are merely incidental to the equitable claim (*see, American Pen Corp. v City of New York,* 266 AD2d 87; *Dutcher v Town of Shandaken,* 97 AD2d 922, 923). However, the damage claims set forth in the first, second, third, and fourth causes of action are more than simply incidental to the equitable relief sought by the plaintiffs. Accordingly, the Supreme Court correctly dismissed those causes of action.

In view of our determination, we need not reach the plaintiffs' remaining contentions. Goldstein, J. P., McGinity, Luciano and Smith, JJ., concur.