[736 NYS2d 55]

MICHAEL PICCIANO, Respondent, v NASSAU COUNTY CIVIL SER-
VICE COMMISSION et al., Appellants.

Second Department, December 31, 2001

## APPEARANCES OF COUNSEL

*Alfred F. Samenga, County Attorney,* Mineola (*Gerald R. Podlesak* of counsel), for appellants.

*Lawrence M. Monat,* Hauppauge, for respondent.

### OPINION OF THE COURT

O'BRIEN, J. P.

The plaintiff was denied appointment to the position of correction officer in Nassau County due to a color vision deficiency, and he commenced this action pursuant to the Human Rights Law (*see,* Executive Law §§ 296, 297 [9]), *inter alia,* to direct the defendant Nassau County Civil Service Commission to appoint him to that position. We take this opportunity to address the issue of whether a notice of claim is a condition precedent to commencement of an action against Nassau County based on the Human Rights Law, where primarily injunctive relief, rather than monetary damages, is sought. We conclude that a notice of claim is required and that the Supreme Court providently exercised its discretion by, in effect, granting the plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

### I

The plaintiff was on the certified list of those eligible for appointment to the position of correction officer in the Nassau County Department of Correction when he was found to have a "color vision deficiency." This problem was discovered during a physical examination performed at the direction of the Nassau County Civil Service Commission (hereinafter the Commission) in October 1999. The Commission advised the plaintiff by letter dated October 14, 1999, that, by reason of this deficiency, he was disqualified from eligibility for the position of correction officer. The Commission informed the plaintiff that he could

appeal this determination by undergoing another color vision examination at his own expense and that any submissions must be filed with the Commission within 15 days after the date that its October 14, 1999, letter was mailed. The plaintiff underwent the additional examination. However, by letter dated November 16, 1999, the Commission advised him that it was adhering to its original determination that he was ineligible. The plaintiff then advised the Commission by letter dated November 22, 1999, that he intended to appeal the determination, but the Commission informed him that his time to appeal had expired.

The plaintiff obtained counsel, who wrote to the Commission in April 2000 in an effort to informally obtain his client's appointment as a correction officer. The attorney advised the Commission that the plaintiff had been told by the doctor administering the color vision test that the alleged deficiency involved tones of color that he would never use again in his life. The attorney further asserted that any such deficiency was a protected disability under the Human Rights Law and that the plaintiff's disqualification based on that disability was unlawful. The Commission responded that the plaintiff's time to bring an administrative appeal had expired.

By, *inter alia,* complaint dated May 23, 2000, the plaintiff commenced this action against the Commission and Nassau County in which he alleged that his disqualification from eligibility for the position of a correction officer constituted unlawful discrimination in violation of the Human Rights Law. The plaintiff claimed that, notwithstanding his alleged color vision deficiency, he was able to perform the duties of a correction officer. Assuming that this deficiency did preclude him from performing such duties, he was entitled to a reasonable accommodation for his disability. The plaintiff sought, among other things, restoration to the list of eligible candidates, appointment as a correction officer, and damages in the form of lost pay and benefits from the date he would have been appointed but for the unlawful discrimination.

Simultaneously with filing the complaint, the plaintiff moved for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). The plaintiff claimed that he was unaware that a notice of claim was required. He relied on a memorandum of law submitted by his attorney, which suggested that the law was unclear as to whether a notice of claim was required. In the event a notice of claim was required, the plaintiff asserted that the defendants had notice of the es-

sential facts within 90 days of the time his claim arose. A copy of his proposed notice of claim was appended to the motion papers.

The defendants opposed the plaintiff's motion on the ground that County Law § 52 and Nassau County Administrative Code § 11-4.1 require service of a notice of claim before commencement of an action based on the Human Rights Law. The plaintiff's claim arose on November 16, 1999, when the Commission notified him that his appeal was denied, and he failed to file a notice of claim within 90 days thereafter. Contrary to the plaintiff's assertion, the County did not acquire actual notice of his unlawful discrimination claim until his attorney sent a letter dated April 25, 2000, to the Commission setting forth a claim under the Human Rights Law, well after the 90-day period had expired. The defendants asserted that no valid excuse was offered for the failure to timely serve a notice of claim.

The Supreme Court relied on the rule set forth in *Mills v County of Monroe* (59 NY2d 307, *cert denied* 464 US 1018) that service of a notice of claim is not a condition precedent to the commencement of an action to recover damages for discriminatory employment practices under the Human Rights Law where the vindication of a public right is alleged. The Supreme Court concluded that the plaintiff's complaint sought to vindicate not only his private interest but the rights of all individuals who suffer from a color vision deficiency and are discriminated against in their effort to become correction officers. Assuming, arguendo, that the plaintiff's complaint could be viewed as related solely to a private interest, and that a notice of claim was required, the Supreme Court granted the plaintiff leave to serve a late notice of claim. The Supreme Court concluded that the uncertainty over whether a notice of claim was required provided a reasonable excuse for the plaintiff's failure to serve such notice. Furthermore, the defendants had actual notice of the essential facts of the plaintiff's claim, as it was based on the conduct of their employees, and the defendants failed to assert any prejudice if the plaintiff's motion was granted. The Supreme Court deemed the proposed notice of claim to have been timely served.

## II

County Law § 52 (1) provides, in relevant part:

"Any claim or notice of claim against a county for

damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law."

Nassau County Administrative Code § 11-4.1 provides, in relevant part:

"Any claim against the county for damages for death or for injuries to person or property, invasion of personal or property rights of every name and nature whatsoever, whether casual or continuing, continuing and continuous trespasses, continuing and continuous invasions of property, continuing and continuous invasions of property rights, continuing and continuous maintenance of nuisances and any other claim or damages for death or injury to person or property, arising at law or in equity and enforceable or sought to be enforced at law or in equity, or arising under section fifty-b of the general municipal law, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, negligence, omission of duty, wrongful act, fault or neglect on the part of the county or any of its agents, officers or employees, must be presented in writing to the clerk of the Board of Supervisors of the county and to the County Attorney within thirty days after such damages or injury to person or property were sustained."

General Municipal Law § 50-e (1) (a) requires service of a notice of claim within 90 days after the claim arises "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation." General Municipal Law § 50-i (1), *inter alia,* precludes commencement of an action against a county for "personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such * * * county" unless a notice of claim has been served in compliance with section 50-e.

Executive Law § 296 (1) (a) provides, in relevant part, that it shall be an unlawful discriminatory practice for an employer to refuse to employ a person because of a disability. Executive Law § 297 (9) permits a person aggrieved by an unlawful discriminatory practice to bring a cause of action for damages and such other remedies as may be appropriate.

## III

The failure to timely serve a notice of claim pursuant to County Law § 52 in an action against a county to recover damages based on the Human Rights Law is fatal unless the action has been brought to vindicate a public interest or leave to serve a late notice of claim has been granted (*see, Mills v County of Monroe, supra*). As a preliminary matter, we disagree with the Supreme Court's determination in the case at bar that the plaintiff is seeking to vindicate a public, as opposed to a private, right.

The allegations in the complaint refer to the Commission's conduct towards the plaintiff, he seeks eligibility only for himself, and the damages sought are limited to his lost wages and benefits. Although the Supreme Court concluded that other similarly-disabled applicants might benefit from this case, the disposition of the plaintiff's case will not directly affect the rights of others, particularly since the extent of his alleged disability and any job accommodations would be an individualized determination. Therefore, the Supreme Court improperly characterized the plaintiff's action as one which would vindicate a public interest (*see, Mills v County of Monroe, supra; Hibbert v Suffolk County Dept. of Probation,* 267 AD2d 205; *see also, Board of Educ. v New York State Div. of Human Rights,* 44 NY2d 902; *Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights,* 226 AD2d 794; *cf., Summers v County of Monroe,* 147 AD2d 949).

## IV

Having determined that the public interest exception to the notice of claim requirement is inapplicable, we turn to the plaintiff's alternative contention on appeal that he was not required to serve a notice of claim because his action is primarily equitable in nature, and any damages are merely incidental to his claim for injunctive relief. The relief sought in the complaint includes a declaration that the disqualification of the plaintiff from appointment as a correction officer is invalid and an order directing the Commission to restore him to the list of

eligible candidates or, in the alternative, an order directing the Commission to appoint him to the position of correction officer and to provide reasonable accommodation for any disability. The plaintiff also seeks compensatory damages and retroactive salary and benefits.

## A

In support of his argument that his claim is primarily equitable in nature, the plaintiff relies in part on well-settled law that a cause of action under the Human Rights Law is not categorized as a tort for notice of claim purposes. In enacting Executive Law § 297 (9), the Legislature created a new statutory cause of action which was not cognizable at common law (see, Thoreson v Penthouse Intl., 80 NY2d 490, 496; Murphy v American Home Prods. Corp., 58 NY2d 293, 307). Equitable relief and compensatory damages may be awarded (see, Executive Law § 297 [4] [c]; [9]). Thus, General Municipal Law § 50-i, which requires service of a notice of claim in compliance with General Municipal Law § 50-e in an action to recover damages for "personal injury, wrongful death or damage to real or personal property," does not encompass a cause of action based on the Human Rights Law. Service of a notice of claim is therefore not a condition precedent to commencement of an action based on the Human Rights Law in a jurisdiction where General Municipal Law §§ 50-e and 50-i provide the only notice of claim criteria (see, Sebastian v New York City Health & Hosps. Corp., 221 AD2d 294; Palmer v City of New York, 215 AD2d 336; Morrison v New York City Police Dept., 214 AD2d 394; Alaimo v New York City Dept. of Sanitation, 203 AD2d 501; Simpson v New York City Tr. Auth., 188 AD2d 522).

In contrast, the notice of claim provision in Town Law § 67 is not limited to claims for damages for personal injury, wrongful death, or injury to property. Rather, it requires compliance with the notice of claim provisions in General Municipal Law §§ 50-e and 50-i for, inter alia, "[a]ny claim * * * for damages for wrong or injury to person or property." Such language is broad enough to include an employment discrimination claim based on Executive Law § 296. In Scopelliti v Town of New Castle (210 AD2d 308), this Court held that a notice of claim was required under Town Law § 67 in an action brought pursuant to Executive Law § 296, while recognizing that this statutory cause of action was not a tort within the notice provisions of the General Municipal Law.

The notice of claim statute at issue here, County Law § 52, applies to any claim for "invasion of personal or property rights,

of every name and nature" and to any claim for damages "arising at law or in equity." Accordingly, a cause of action under the Human Rights Law, while not a traditional tort, is subject to the notice of claim requirements of County Law § 52 (*see, Mills v County of Monroe, supra; Hibbert v Suffolk County Dept. of Probation, supra; Piontka v Suffolk County Police Dept.,* 202 AD2d 409; *cf., Matter of Freudenthal v County of Nassau,* 283 AD2d 6 [notice requirements of County Law § 52 and Nassau County Administrative Code § 11-4.1 are not applicable to administrative proceedings brought pursuant to Executive Law § 296 as the language of these statutes is limited to actions at law or in equity]).

### B

Despite case law holding that County Law § 52 applies to actions commenced under the Human Rights Law, the plaintiff suggests that this notice of claim statute is only applicable in the first instance if the primary purpose of the action, whether in law or in equity, is to recover damages. In other words, if his claim for damages were to be severed and dismissed due to his failure to serve a notice of claim, his claim for equitable relief would nevertheless remain viable. Although *Mills v County of Monroe (supra)* held that service of a notice of claim against the county was a condition precedent to an action under the Human Rights Law, the plaintiff contends that the decision is not dispositive because there only monetary damages were sought.

The law has long recognized an exception to the notice of claim requirement where the primary purpose of the action is to enjoin a continuing wrong by a municipality, rather than to obtain money damages. Whether or not the exception applies in a particular case depends upon the language of the notice of claim statute at issue. In *Sammons v City of Gloversville* (175 NY 346), the plaintiff sought to enjoin the City of Gloversville from emptying the contents of its sewer system into a creek, which resulted in damage to his farm. The Court rejected the City's argument that the plaintiff's claim was barred due to his failure to comply with the notice of claim provision in the City Charter, which applied to "all claims for injuries to the person * * * and all claims for damages alleged to have occurred by reason of the wrongful act, or neglect of the city" (*id.* at 350 [internal quotation marks omitted]). The Court held that the language in the City Charter was not broad enough to include actions for equitable relief "against acts constituting invasions

of property rights and of a continuing, and damaging, nature" (*Sammons v City of Gloversville, supra,* at 351). As the main object of the action was for equitable relief, and the damages were purely incidental to the preventive relief, no notice of claim was required.

Thus, in cases where the applicable notice of claim statute does not expressly include equitable actions, such as, for example, General Municipal Law § 50-e, Town Law § 67 and CPLR 9801 (actions against villages), the rule has developed that service of a notice of claim is not required where the cause of action is to restrain a continuing wrong by the municipality, and the money damages sought are merely incidental to the equitable claim (*see, Robertson v Town of Carmel,* 276 AD2d 543; *Stanton v Town of Southold,* 266 AD2d 277; *Bass Bldg. Corp. v Village of Pomona,* 142 AD2d 657; *Dutcher v Town of Shandaken,* 97 AD2d 922; *Malcuria v Town of Seneca,* 84 AD2d 931; *Fontana v Town of Hempstead,* 18 AD2d 1084, *affd* 13 NY2d 1134; *Grant v Town of Kirkland,* 10 AD2d 474; *see also, Serkil, L. L. C. v City of Troy,* 259 AD2d 920; *Clempner v Town of Southold,* 154 AD2d 421, 425).

The plaintiff's reliance on the above line of cases is misplaced, however, as the language in County Law § 52 encompasses actions for equitable relief, including such wrongful acts as "casual or continuing trespass or nuisance" which were at issue in the cases cited above. The language in Nassau County Administrative Code § 11-4.1 is similarly broad enough to include claims which are primarily equitable in nature. In *Thomann v City of Rochester* (256 NY 165), the Court held that the language in the Rochester Charter, which was almost identical to that in Nassau County Administrative Code § 11-4.1, required service of a notice of claim even though the main purpose of the action was to obtain equitable relief and the money damages were merely incidental (*see also, Doran v Town of Cheektowaga,* 54 AD2d 178 [plaintiffs were required to serve a notice of claim under County Law § 52 even though the primary relief sought was equitable]; *Seabreeze Marina v Town of Smithtown,* 25 AD2d 780 [County Law § 52 encompasses an action in equity for a continuing wrong and damages]). Accordingly, even if we were to accept the plaintiff's contention that the damages sought in his complaint were merely incidental, he was still required to comply with County Law § 52.

The plaintiff suggests that the remedy for his failure to serve a notice of claim is to dismiss his request for damages, leaving a viable claim solely for equitable relief. The plaintiff finds

some support for this contention in *Malcuria v Town of Seneca* (66 AD2d 421, 424), in which the Appellate Division, Fourth Department held that "if no notice of claim is filed pursuant to section 52 of the County Law and the complaint seeks both injunctive and monetary relief, the cause of action for damages is subject to severance and dismissal for failure to state a cause of action, leaving a viable cause of action for injunctive relief (CPLR 3212, subd [e])." The Appellate Division, Fourth Department relied in part on this Court's decision in *Realty Assocs. v Stoothoff* (258 App Div 462 [action, insofar as it sought an injunction based on the obstruction of waters of a stream, could be maintained against the county even though no notice of claim was served]). The result in the above cases reflects a concern raised in the dissent in *Thomann v City of Rochester (supra),* as to whether a notice of claim statute can abridge the jurisdiction of the Supreme Court to restrain, by injunction, the commission of an irreparable injury because of acts performed by a municipality in its proprietary or corporate capacity. Property might be irreparably damaged if a plaintiff must wait at least 30 days after service of a notice of claim before commencing suit, as required by General Municipal Law § 50-i (1) (b).

While the remedy of severance employed in *Malcuria v Town of Seneca (supra)* might be warranted in limited circumstances where irreparable injury to property is threatened, it has no application to the case at bar. County Law § 52 applies where an action is solely equitable in nature (*see, Boyle v Kelley,* 42 NY2d 88), and we perceive no need to carve out an exception to the notice of claim rule set forth in *Mills v County of Monroe (supra)* merely because a plaintiff has decided to forego monetary damages.

To the extent that this Court's decision in *Matter of Noel v Board of Elections* (203 AD2d 576), an employment discrimination case, appears to conflict with our determination here, it should no longer be followed. In *Noel,* the plaintiff sought reinstatement to her civil service position as well as retroactive salary and benefits. The Court held that the plaintiff was not required to serve a notice of claim under County Law § 52, citing *Bass Bldg. Corp. v Village of Pomona (supra)* and *Dutcher v Town of Shandaken (supra).* As previously noted, the cited cases hold that a notice of claim is not required in an action for equitable relief where the money damages are merely incidental, and that holding does not apply to cases governed by County Law § 52.

## V

Having determined that a notice of claim was required, the remaining issue is whether the Supreme Court improvidently exercised its discretion in granting the plaintiff leave to serve a late notice of claim. On appeal, the plaintiff concedes that his claim arose on November 16, 1999, when the Commission denied his appeal. Therefore, his application for leave to serve a late notice of claim was made three months after the 90-day period for filing a notice of claim under County Law § 52 had expired. Ordinarily, ignorance of the statutory requirement that a notice of claim must be served does not qualify as a reasonable excuse for the failure to serve a timely notice of claim (*see, Matter of Turner v Town of Oyster Bay*, 268 AD2d 526; *Matter of Gilliam v City of New York*, 250 AD2d 680). However, in light of our decision in *Noel v Board of Elections (supra)*, the unsettled question as to whether a notice of claim was required under these circumstances presented a reasonable excuse for the delay.

The defendants had actual knowledge of the facts underlying the plaintiff's claim, as their own employees engaged in the conduct which gave rise to the claim (*see, Matter of Ragland v New York City Hous. Auth.*, 201 AD2d 7; *Tatum v City of New York*, 161 AD2d 580; *Baker v Board of Educ.*, 127 AD2d 967). The Commission was in possession of the medical tests at issue, and the defendants have failed to demonstrate any prejudice in their ability to defend against the claim. Accordingly, we conclude that the Supreme Court providently exercised its discretion in permitting the plaintiff to serve a late notice of claim. Therefore, the order is affirmed.

ALTMAN, LUCIANO and ADAMS, JJ., concur.

Ordered that the order is affirmed, with costs.