▮ Nicholas Carbonaro et al., Appellants, v Town of North Hempstead et al., Respondents. [967 NYS2d 420]—

In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jaeger, J.), entered May 17, 2012, which granted the motion of the defendant Town of North Hempstead, and the separate motion of the defendant County of Nassau, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs are the owners of homes located in the defendant Town of North Hempstead, within the defendant County of Nassau, whose properties allegedly were flooded on August 22, 2010, as a result of storm-water runoff. The plaintiffs timely served notices of claim upon the defendants, alleging property damage and personal injuries resulting from the flooding. In January 2012, more than one year and 90 days after the flooding incident, the plaintiffs filed a complaint, alleging that the flooding was caused by negligent installation, design, repair, or maintenance of storm-water drainage systems, and seeking damages for injuries to their property and for personal injuries, in the total sum of $2,750,000. The defendants separately moved to dismiss the action as time-barred, and the Supreme Court granted the motions.

Contrary to the plaintiffs' contention, their complaint does not set forth any equitable causes of action. Nor does it allege a *continuing* trespass or nuisance, inasmuch as any claims alleging trespass or nuisance are predicated solely upon the single incident of flooding which occurred on August 22, 2010. Accordingly, even if the limitations period set forth in General Municipal Law § 50-i does not apply to a cause of action in equity to restrain a continuing wrong and to recover incidental damages (*see Condello v Town of Irondequoit*, 262 AD2d 940, 941 [1999]; *Dutcher v Town of Shandaken*, 97 AD2d 922, 923 [1983]; *cf. Sammons v City of Gloversville*, 175 NY 346 [1903]; *Picciano v*

*Nassau County Civ. Serv. Commn.*, 290 AD2d 164, 171-172 [2001]; *Robertson v Town of Carmel*, 276 AD2d 543 [2000]; *Stanton v Town of Southold*, 266 AD2d 277, 278 [1999]; *Fontana v Town of Hempstead*, 18 AD2d 1084, 1085 [1963], *affd* 13 NY2d 1134 [1964]), the limitations period set forth in that statute is clearly applicable to the complaint, which primarily seeks damages for alleged negligence. Moreover, with respect to the County, County Law § 52, which requires that actions upon certain claims against a county be commenced within the limitations period of General Municipal Law § 50-i, expressly includes actions for equitable relief, including those for continuing trespass or nuisance (*see Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d at 172).

Accordingly, the Supreme Court properly directed dismissal of the complaint insofar as asserted against both defendants as time-barred. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.