■ PHELPS STEEL, INC., Appellant, v. CITY OF GLENS FALLS, Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered August 25, 1981 in Warren County, which, *inter alia,* granted defendant City of Glens Falls' motion to dismiss the complaint and denied plaintiff's cross motion for permission to file a late notice of claim. The facts underlying this lawsuit arose from plaintiff's submission of a bid for construction of the roof deck and steel superstructure for an arena and convention center for the City of Glens Falls (city). Plaintiff was awarded the contract as the low bidder, but the award was set aside as the result of a taxpayer's action which successfully challenged the bidding procedure as illegal. Plaintiff demanded payment from the city for the cost of preparing the bid design, but this demand was denied. Plaintiff then served the city with a notice of claim which alleged damages due to the city's negligence in improperly conducting the bidding process. A negligence complaint was served, but was dismissed on October 6, 1978 for failure to state a cause of action. There was no appeal from this dismissal. Plaintiff attempted to interpose an amended complaint in January, 1979, which was dismissed by Special Term because the original complaint had already been dismissed. The city readvertised for bids and plaintiff submitted a new bid, but the contract was awarded to another bidder. Plaintiff commenced a new action on May 9, 1979, alleging that defendants appropriated its original design and incorporated it into the specifications accompanying the second advertisement for bids. This complaint alleges causes of action in conversion, unjust enrichment, tortious interference with plaintiff's common-law copyright and a cause of action based on article I (§ 7, subd [a]) of the New York State Constitution. Each defendant moved to dismiss the complaint for failure to state a cause of action, and the city and defendant Lino Associates moved as well for dismissal on the additional ground that a proper notice of claim was not filed as required by section 50-i of the General Municipal Law. Plaintiff cross-moved for an order to the effect that it had complied with section 50-e of the General Municipal Law, as required by section 50-i thereof, by filing its notice of claim in the prior action, and for permission to serve a late notice of claim. Special Term denied plaintiff's cross motion, dismissed the complaint against the city for failure to comply with section 50-i of the General Municipal Law, and denied the motions to dismiss the complaint as against the other defendants. Plaintiff maintains on this appeal that its cause of action against the city based on article I (§ 7, subd [a]) of the New York State Constitution is an equity action and therefore the requirements of section 50-i of the General Municipal Law do not apply. We disagree. The claim against the city is a claim for money damages allegedly caused by that defendant's failure to discharge a duty imposed upon it by law, i.e., to provide compensation for the taking of private property for public use. It clearly sounds in tort, as do all the other causes of action alleged, and consequently a notice of claim was required to be served upon the city within 90 days after the claim arose pursuant to section 50-e of the General Municipal Law. Only one actual notice of claim was served by

plaintiff, that is, on January 19, 1978, and it referred only to a negligence cause of action alleging that the city failed, through its negligence, to carry out the original bidding procedure in conformity with law. The causes of action stated in the instant complaint were not referred to in any way in the original notice of claim so that no notice of claim as to these particular claims was ever filed. We find that the purported notice was inadequate and Special Term properly so held (see *Hines v City of Buffalo,* 79 AD2d 218; *Colena v City of New York,* 68 AD2d 898; *Kieninger v City of New York,* 53 AD2d 602). Plaintiff contends that its amended complaint, which it attempted to interpose in January, 1979, and which set forth the same causes of action involved in the instant action, constitutes a notice sufficient to comply with section 50-e of the General Municipal Law. It is uncontested that this complaint was never served upon the city until after 90 days had elapsed from the date of the accrual of the causes of action. It was therefore not served within the time requirements of section 50-e of the General Municipal Law. Plaintiff never moved for permission to serve a late notice of claim and the time is now long past the one-year and 90-day limit to do so. Special Term was thus correct in refusing to allow interposition of the amended complaint as a late notice of claim. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main and Mikoll, JJ., concur.