■ PETER S. EDELMAN, Appellant, v STEPHEN ISRAEL, as Commissioner of Aviation for Schenectady County Airport, et al., Respondents. [617 NYS2d 911] —Mikoll, J. Appeal from an order of the Supreme Court (White, J.), entered June 23, 1993 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

The issue before us is whether Supreme Court properly dismissed plaintiff's cause of action pursuant to Civil Service Law § 75-b alleging that plaintiff's discharge as an air traffic controller was retaliatory and prompted by plaintiff's raising safety concerns about the Schenectady airport with airport representatives.

Supreme Court, relying on *Matter of County of Schenectady (Lainhart)* (177 AD2d 826), concluded that plaintiff was an "employee" as defined in the grievance provisions of the collective bargaining agreement between defendant Schenectady County and the Civil Service Employees' Association (hereinafter CSEA). Supreme Court thus concluded that plaintiff's entitlement to pursue relief under Civil Service Law § 75-b was foreclosed as he was covered by the grievance provisions of the collective bargaining agreement and his dismissal constituted an arbitrable grievance thereunder.

Plaintiff was employed as an air traffic controller by the County from September 24, 1991 to June 22, 1992. Plaintiff's appointment remained provisional during the entire period of employment. In January 1992, plaintiff became a member of CSEA which had negotiated a collective bargaining agreement with the County on behalf of the air traffic controllers. Although the terms of the instant collective bargaining agreement could be read as covering plaintiff's alleged retaliatory dismissal and as providing plaintiff with those contractual remedies specified in Civil Service Law § 75-b (3) (a), such as to preclude him from bringing the instant action for retaliatory discharge as Supreme Court did in fact find, recent court pronouncements contradict such a result.

It is well established that employees hired for provisional appointments are limited to a term of nine months as set forth in Civil Service Law § 65 (2), have no right to tenure and may be removed without resort to review procedures set forth in Civil Service Law § 75 *(see, Matter of Preddice v Callanan,* 69 NY2d 812, 813-814). In *Matter of City of Binghamton (Binghamton Civ. Serv. Forum)* (63 AD2d 790, 791), this Court held that a public employer's failure to reappoint a provisional employee at the end of his nine-month term, whether

for disciplinary reasons or no reason at all, was not a proper subject for arbitration. We rejected the claim that the employer, through the collective bargaining agreement, limited its right to terminate his employment, noting that "[t]he statutory scheme for provisional appointments contained in section 65 of the Civil Service Law implicitly prohibits collective bargaining by a public employer as to the renewal of a provisional appointment" *(supra,* at 791).

The subject collective bargaining agreement, to the extent that it attempts to restrict a public employer's right to discharge a provisional employee, is unenforceable. To the extent that the grievance and arbitration provisions are not enforceable by plaintiff because of his provisional status, there is no bar to plaintiff's action for retaliatory discharge under Civil Service Law § 75-b. Thus, the complaint was dismissed in error by Supreme Court. We also hold that the complaint against defendant Commissioner of Aviation for the County Airport should not have been dismissed in that plaintiff sued the Commissioner of Aviation in his representative capacity and not in his individual capacity *(see, Moore v County of Rockland,* 192 AD2d 1021, 1024).

Cardona, P. J., Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.