John TURNER, Plaintiff,

v.

COUNTY OF SUFFOLK,
et al., Defendants.

No. CV 95–1592.

United States District Court,
E.D. New York.

Feb. 20, 1997.

Conway & Ceriello, by Darrell J. Conway, Melville, NY, for Plaintiff.

Robert J. Cimino, Suffolk County Attorney, by Robert H. Cabble, Assistant County Attorney, Hauppauge, NY, for Defendant Gaffney.

Pachman, Pachman, Brown & Farneti, by Howard Pachman, Commack, NY, for Defendants Caracciolo, Davis, Caracappa, D'Andre, Finlay, Lazio, Binder, Jones, O'Donohue, Rizzo and Blydenburgh.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, John Turner brought the instant action pursuant to 42 U.S.C. § 1983 (the "§ 1983 claim") and § 107 of the New York Civil Service Law (the "§ 107 claim") against the County of Suffolk. Plaintiff's complaint alleges that the Legislators and County Executive of the defendant conspired to act and acted wrongfully to discharge or adversely affect Plaintiff's employment with Suffolk County on the basis of his political beliefs in violation of the First and Fourteenth Amendments. The complaint alleges that the same acts violated § 107 of the New York State Civil Service Law. Now before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff fails to state a claim upon which relief can be granted.

### I. BACKGROUND

In January 1992, the controlling party of the Suffolk County Legislature and County Executive's office shifted from Democratic to Republican. Several days after this shift in power, the County Legislature introduced Resolution No. 1218–92 (the "Resolution") by which plaintiff's position was eliminated. Plaintiff was a Suffolk County Civil Service Competitive Class Employee since 1986 working in the Parks department. Plaintiff's claim is based upon an alleged conspiracy among the County Legislature and the County Executive "to appoint their political co-patriots to various positions in the County public service, and [engage] in the patronage practice of firing or demoting public employ-

ees who had no affiliation with the Republican party." Plaintiff asserts that the Resolution was purportedly introduced as a cost saving major, but had a negligible effect upon cost savings, and was in reality a subterfuge to take adverse actions against non-Republican civil service employees in the Parks department. Although plaintiff had originally named the individual legislators and the executive in the complaint, the claims against the individuals have been discontinued through a stipulation between the parties.

## II. DISCUSSION

Dismissal of a complaint under Fed. R.Civ.P. 12(b)(6) is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). In considering a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, the complaint will be construed in the light most favorable to the plaintiffs, and the court accepts as true all facts alleged in the complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ Relying on this Court's earlier ruling in *Orange v. County of Suffolk*, defendant asserts that the complaint is subject to a heightened pleading requirement because plaintiff has alleged a conspiracy to violate plaintiff's civil rights. 830 F.Supp. 701, 707 (E.D.N.Y.1993). However, plaintiff is no longer asserting a conspiracy among defendants, since plaintiff is only seeking to recover from the County. Therefore, the heightened pleading requirement upon which defendant relies does not apply. Rule 8 of the Federal Rules of Civil Procedure merely requires that any complaint be simple, direct and concise. A pleading must give the Court and defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), so as to enable the adverse party to answer

and prepare for trial. Plaintiff's complaint alleges that the County Legislators and the County Executive conspired to pass a resolution that denied plaintiff his job due to his political affiliations. The Court finds that plaintiff's complaint sufficiently pleads his § 1983 claim.

■ Defendant also argues that the § 107 claim must be dismissed because plaintiff never filed a notice of claim. New York County Law § 52 states that "[any] claim or notice of claim against a county for damage … alleged to have been caused … by … any misfeasance, omission of duty, negligence or wrongful act on part of the county … must be made and served in compliance with section 50–e of the general municipal law. Every action upon such claim shall be commenced pursuant to the provisions of 50–i of the general municipal law." § 50–e requires the filing of a notice of claim within 90 days of when the claim arises. New York General Municipal Law § 50–e. § 50–i prevents any action from being commenced against a municipality unless the plaintiff has complied with the notice of claim requirement of § 50–e. New York General Municipal Law § 50–i. In this case, plaintiff concedes that he has failed to file such a notice of claim. Relying upon *Mills v. County of Monroe*, 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456 (1983) plaintiff argues that the notice of claim requirement should not apply, because his claim is brought to vindicate a public interest.

The New York Court of Appeals has recognized an exception to the notice of claim requirement when an action is not brought merely to enforce a private right, but rather, to vindicate a public interest. *See Union Free School Dist. No. 6 of Towns of Islip & Smithtown v. New York State Human Rights Appeal Bd.*, 35 N.Y.2d 371, 362 N.Y.S.2d 139, 320 N.E.2d 859 (1974). In that case, the Division of Human Rights was asserting a claim on behalf of a class of women plaintiffs alleging that the school board's policy with respect to maternity leave was discriminatory. In the *Mills* case, plaintiff was a county employee who brought a § 1983 claim seeking damages because she had been terminated from her employment on the ba-

sis of her race and national origin. The Court of Appeals, in *Mills,* distinguished the facts of that case from the *Towns of Islip & Smithtown* case by stating

[i]t is clear that plaintiff's action was not brought to vindicate a public interest, insofar as that principle would entitle her to a complete waiver of the notice requirement. Her allegations of actionable conduct on the part of the county refers only to conduct that relates to her.

· · · · ·

The relief she seeks is money damages for her loss of wages and damages to her reputation. Inasmuch as the disposition of plaintiff's claim was not intended to nor could it directly affect or vindicate the rights of others, her action is properly characterized as one seeking the enforcement of private rights.

*Mills,* 464 N.Y.S.2d at 711–12, 451 N.E.2d at 458–59. The facts in this case are governed by the rule in *Mills.* By its terms, plaintiff's complaint is limited to redressing plaintiff's individual injury. The prayer for relief requests money damages and reinstatement for the benefit of plaintiff and only plaintiff. The Court finds that plaintiff's § 107 claim is brought merely to enforce a private right and not to vindicate a public interest. Accordingly the § 107 claim must be dismissed.

### III. CONCLUSION

Defendant's motion to dismiss is denied in part and granted in part. The motion is denied as to the § 1983 claim because no heightened pleading requirement applies to the plaintiff's claim, and granted as to the § 107 claim due to plaintiff's failure to file a notice of claim.

SO ORDERED.