**Richard C. WALLIKAS and Raymond D. Schaffer, Plaintiffs,**

**v.**

**David HARDER, Broome County Sheriff, in his individual and official capacities; County of Broome; and Gerald W. Kellar, Broome County Undersheriff, in his individual and official capacities; Defendants.**

No. 99–CV–1212 TJM.

United States District Court, N.D. New York.

Oct. 25, 1999.

Law Offices of Ronald Benjamin, Binghamton, New York, for Plaintiffs, Marya C. Young, of counsel.

Broome County Attorney's Office, Edwin L. Crawford County, Binghamton, New York, for Defendants, Robert G. Behnke, of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I.  Background

Plaintiffs Richard Wallikas ("Wallikas") and Raymond Schaffer ("Schaffer") (collectively "Plaintiffs") commenced the instant litigation against Defendants David Harder ("Harder"), Broome County Sheriff, in his individual and official capacities, the County of Broome (the "County"), and Gerald W. Kellar ("Kellar"), Broome County Undersheriff, in his individual and official capacities (collectively "Defendants"), asserting claims pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiffs' constitutional rights under the First and Fourteenth Amendments of the United States Constitution, and pendant state law claims under the New York Constitution and N.Y. CIV. SERV. LAW § 75–b. Specifically, Plaintiffs allege that Defendants retaliated against them, by affecting the terms and conditions of their employment, in connection with Plaintiffs' participation in the recent election for the Broome County Sheriff's position. Pres-

ently before the Court are Defendants' motion to dismiss certain claims pursuant to FED. R. CIV. P. 12(b)(2) and (6). Because Defendants' motion raises various procedural issues that do not address the facts or merits underlying Plaintiffs' claims, the Court declines to elaborate on the specific facts and events alleged in the Complaint.

## II.  Discussion

### A.  Official Capacity Claims Against Harder and Kellar

■ Defendants first argue that the official capacity claims against Harder and Kellar should be dismissed because Plaintiffs also name the County as a defendant in the action.

■ In general, claims against municipal officials in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant. *See, e.g., Busby v. City of Orlando,* 931 F.2d 764, 766 (11th Cir.1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond)"); *Harford v. County of Broome,* 1999 WL 615190, at *5–6 (N.D.N.Y. July 15, 1999); *Jeffes v. Barnes,* 20 F.Supp.2d 404, 410–11 (N.D.N.Y.1998); *Union Pacific R.R. v. Village of S. Barrington,* 958 F.Supp. 1285, 1291 (N.D.Ill.1997); *Orange v. County of Suffolk,* 830 F.Supp. 701, 706–07 (E.D.N.Y. 1993). As the Supreme Court noted in *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985):

Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an op-

portunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

473 U.S. at 165–66, 105 S.Ct. 3099 (quotations omitted).

In the present action, Plaintiffs bring both official-capacity claims against the individual defendants and a *Monell*-type claim against the County. In addressing the issue of whether a sheriff is an agent or officer of the county such that the county may be liable for the unlawful actions of the sheriff, this Court recently held that it:

> [N]eed not delve into this [issue] ... to decide the instant motion[ ] because the former provision of N.Y. State Const. Art. XIII, § 13 and the cases interpreting it "do not stand for the proposition that a county cannot be held liable for unlawful acts that the county itself commits when it establishes or implements unlawful policies; rather, they hold that

a county is not vicariously liable for the tortious acts of a sheriff." *Weber v. Dell*, 804 F.2d 796, 802 (2d Cir.1986), [*cert. denied sub nom., County of Monroe v. Weber*, 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987) ].... Thus, when the sheriff or his deputies are acting as final policymakers or pursuant to County policy or custom, the County may be held liable for their actions [that result in violations of a plaintiff's constitutional rights].

*Harford,* 1999 WL 615190, at *5.

Accordingly, based upon the distinction between personal capacity and official capacity suits, and because Plaintiffs commenced the instant litigation against both Defendants Harder and Kellar in their official capacities and against the County, the official-capacity claims against Defendants Harder and Kellar are dismissed.

## B. Plaintiffs' Failure to File and Serve a Notice of Claim Upon Defendants

■ Defendants argue that Plaintiffs' state law claims brought pursuant to the New York State Constitution and N.Y. CIV. SERV. LAW § 75–b should be dismissed for failure to serve a timely notice of claim pursuant to N.Y. COUNTY LAW § 52 ("Section 52").[1] In response, Plaintiffs do not

---

1. N.Y. COUNTY LAW § 52, which in turn incorporates the provisions of N.Y. GEN. MUN. LAW §§ 50–e, 50–i governs, in part, the instant action. N.Y. COUNTY LAW § 52(1) states that:

   Any claim or notice of claim against a county for damage ... or for invasion of personal or property rights, of every name and nature ... alleged to have been caused ... by or because any misfeasance, omission of duty, negligence or wrongful act on part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law. Every action upon such claim shall be commenced pursuant to the provisions of fifty-i of the general municipal law.

   N.Y. GEN. MUN. LAW § 50–e requires that the notice of claim be filed within ninety days of when the claim arises. N.Y. GEN. MUN. LAW § 50–i further states that an action cannot be maintained against a municipality unless the

plaintiff has complied with the notice of claim requirement in Section 50–e.

   Although the notice of claim requirement applies to state-based claims, it does not apply to actions brought pursuant to 42 U.S.C. § 1983. *See Felder v. Casey*, 487 U.S. 131, 140–42, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 795 (2d Cir.1999); *see also DiPalto v. New York City Off Track Betting Corp.*, 1998 WL 276180, at *2 (S.D.N.Y. May 28, 1998) (dismissing claims brought under the New York State Constitution and other state-based claims based on plaintiff's failure to provide defendants with a timely notice of claim); *423 South Salina St., Inc. v. City of Syracuse*, 68 N.Y.2d 474, 490, 510 N.Y.S.2d 507, 503 N.E.2d 63 (1986) (barring claims based on the New York State Constitution because of failure to provide notice of claim), *appeal dismissed, cert. denied by*, 481 U.S. 1008, 107 S.Ct. 1880, 95 L.Ed.2d

dispute that they have failed to file and serve the requisite notice of claim; rather, Plaintiffs argue, with little support, that they are entitled to relief from the notice requirement in Section 52 because their claims fall within the "public interest" exception recognized by the New York Court of Appeals in *Union Free Sch. Dist. No. 6 of the Towns of Islip and Smithtown v. New York State Human Rights Appeal Bd.*, 35 N.Y.2d 371, 362 N.Y.S.2d 139, 320 N.E.2d 859 (1974). In *Union Free School District*, the Court of Appeals "recognized an exception to the notice of claim require-' ment when an action is not brought merely to enforce a private right, but rather, to vindicate a public interest." *Turner v. County of Suffolk*, 955 F.Supp. 175, 176 (E.D.N.Y.1997). As the district court in *Turner* noted, "[i]n [*Union Free School District*], the Division of Human Rights asserting a claim on behalf of a *class of women plaintiffs* alleging that the school board's policy with respect to maternity leave was discriminatory." *Id.* (emphasis added).

In *Mills v. County of Monroe*, 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456, *cert. denied*, 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983), the New York Court of Appeals revisited this issue, in a case where a county employee brought a Section 1983 claim alleging that she was terminated on the basis of her race and national origin. In that case, the plaintiff sought monetary damages based on lost wages and damage to her reputation. *See id.* at 312, 464 N.Y.S.2d 709, 451 N.E.2d 456. In distinguishing the facts in *Mills* from those presented in *Union Free School District*, the Court of Appeals noted:

> [I]t is clear that plaintiff's action was not brought to vindicate a public interest, insofar as that principle would entitle her to a complete waiver of the notice requirement. Her allegations of action-

able conduct on the part of the county refers only to conduct that relates to her. Although plaintiff does aver that the county had engaged generally in unlawful discriminatory practices, her action seeks relief only for her termination, which she alleges resulted from her opposition to the county's discriminatory practices and her race and national origin. The relief she seeks is money damages for her loss of wages and damage to her reputation. Inasmuch as the disposition of plaintiff's claim was not intended to nor could it directly affect or vindicate the rights of others, her action is properly characterized as one seeking the enforcement of private rights.

59 N.Y.2d at 312, 464 N.Y.S.2d 709, 451 N.E.2d 456.

Thus, the *Mills* court differentiated between cases where a plaintiff sought to enforce her private rights and cases where a plaintiff brings an action "to protect an important right, which seek[s] relief for a similarly situated class of the public, and whose resolution would directly affect the rights of that class or group [and] are deserving of special treatment." *Id.* at 311, 464 N.Y.S.2d 709, 451 N.E.2d 456.

The Court finds that the facts in this case are governed by the rule in *Mills*. By the plain terms of their Complaint, Plaintiffs seek monetary damages; reinstatement to the positions and job responsibilities they held prior to the events alleged in the Complaint; and removal of any admonitions or adverse reports contained in their personnel files. Thus, the relief requested is "limited to redressing [Plaintiffs'] individual injur[ies]." *Turner*, 955 F.Supp. at 177. The Court therefore finds that Plaintiffs' state-based claims are brought to enforce private rights, rather than to vindicate a public interest. Accordingly, Plaintiffs' claims brought under the New York State Constitution and N.Y.

488 (1987); *Phelps Steel, Inc. v. City of Glens Falls*, 453 N.Y.S.2d 118, 89 A.D.2d 652 (3d Dep't 1982) (dismissing claim based on Arti-

cle I, § 7 of the New York State Constitution for failure to file a notice of claim).

CIV. SERV. LAW § 75–b are dismissed for failure to file and serve the requisite notice of claim. *See Turner,* 955 F.Supp. at 177; *423 South Salina St., Inc.,* 68 N.Y.2d at 490, 510 N.Y.S.2d 507, 503 N.E.2d 63; *Mills,* 59 N.Y.2d at 312, 464 N.Y.S.2d 709, 451 N.E.2d 456; *Phelps Steel, Inc.,* 89 A.D.2d at 652, 453 N.Y.S.2d 118.

### C. Claims Under N.Y. CIV. SERV. LAW § 75–b Against Harder and Kellar in Their Individual Capacities

■ Defendants last argue that to the extent Plaintiffs' allege a cause of action under N.Y. CIV. SERV. LAW § 75–b against Harder and Kellar in their *individual capacities,* such claims should be dismissed because Harder and Kellar are not "public employees" as defined under Section 75–b. In response, Plaintiffs do not dispute Defendants' contention. *See* Pls. Mem. of Law at 4.

As the district court in *Kirwin v. New York State Office of Mental Health,* 665 F.Supp. 1034, 1039 (E.D.N.Y.1987) held:

> Public employees in their individual capacities do not belong to the class of defendant defined by the statute. A public employee, regardless of rank, is not the employer of a fellow employee. Therefore, a public employee in his individual capacity may not be sued under [Section] 75–b.

*See also Fry v. McCall,* 945 F.Supp. 655, 666 (S.D.N.Y.1996); *Moore v. County of Rockland,* 192 A.D.2d 1021, 596 N.Y.S.2d 908, 911 (3rd Dep't 1993). Accordingly, Plaintiffs' claims under Section 75–b against defendants Harder and Kellar in their individual capacities cannot be maintained.

### III. Conclusion

For the foregoing reasons, the official capacity claims against defendants Harder and Kellar are DISMISSED; the state-based claims brought pursuant to the New York State Constitution and N.Y. CIV. SERV. LAW § 75–b are DISMISSED; and the claims brought under N.Y. CIV. SERV.

LAW § 75–b against defendants Harder and Kellar in their individual capacities are DISMISSED.

**IT IS SO ORDERED.**