OPINION OF THE COURT
Charles J. Markey, J.
Defendant John E Rhea, the Chairperson of the New York City Housing Authority (NYCHA), has moved for an order pursuant to CPLR 3211 (a) (7), dismissing the complaint against him for failure to state a cause of action.
Section 8 of the United States Housing Act of 1937 (42 USC § 14371), added in 1974, authorizes assistance payments “[flor the purpose of aiding lower-income families in obtaining a decent place to live.” NYCHA administers a Section 8 Rental Housing Choice Voucher Program for low-income housing in New York City.
On April 23, 2009, NYCHA issued a Section 8 housing voucher to plaintiff Kumiko Potter, a single parent with a 12-year-old son who suffers from attention deficit hyperactive disorder. On August 16, 2009, plaintiff Kumiko Potter (Potter) and defendant Joseph E Atarien (Atarien), acting on behalf of defendant 93 LLC, entered into a lease for an apartment in a building located at 93-11 Atari Lane, Jamaica, in Queens County, New York.
The lease, whose term ran from October 11, 2009 to September 10, 2010, required monthly rental payments in the amount of $1,261. NYCHA approved plaintiff Potter’s request for a tenancy at the apartment, and defendant 93 LLC and NYCHA subsequently executed a Housing Assistance Payments (HAP) contract whereby NYCHA agreed to pay $956 per month toward the rent. Pursuant to the HAP contract, defendant 93 LLC promised, inter alia, (1) to lease the apartment to plaintiff Potter and her son for a one-year term, (2) to deliver possession of the apartment to plaintiff Potter, (3) not to charge plaintiff Potter rent in excess of the NYCHA-approved rent, (4) not to demand a security deposit in excess of the rent, (5) not to dis *848 criminate against defendant Potter, and (6) not to change the terms of the lease without the consent of plaintiff Potter or NYCHA.
On October 19, 2009, NYCHA informed plaintiff Potter that the Section 8 application process had been successfully completed and that she could move into the subject apartment. A few days later, defendant Atarien, however, allegedly told plaintiff Potter that, before he would permit her to move into the apartment, she had to pay a broker’s fee in the amount of $1,261 to Michele Mehr Realty, plus one year’s rent in advance, plus four months’ rent as security. Potter alleges that she never dealt with Michele Mehr Realty. On or about November 16, 2009, plaintiff Potter allegedly informed NYCHA of defendant Atarien’s demands, but NYCHA allegedly replied that it could not help her and that she had to resort to litigation.
Without first filing a notice of claim with NYCHA, plaintiff Potter, represented by Queens Legal Services Corporation, began the instant action on or about March 26, 2010. The first cause of action is for the breach of the lease. The second cause of action asserts that defendant NYCHA is liable to the plaintiff, allegedly a third-party beneficiary, for failure to enforce the HAP contract. The third cause of action asserts that defendant 93 LLC, defendant Atari Realty, and defendant Atarien violated section 8-107 of the New York City Administrative Code by refusing to rent an apartment to a recipient of Section 8 assistance. The fourth cause of action asserts promissory estoppel based on the statements and acts of NYCHA and the other defendants. The fifth cause of action is based on General Business Law § 349, prohibiting deceptive acts and practices in the conduct of a business. The sixth cause of action asserts fraud against NYCHA and the other defendants.
Public Housing Law § 157, in relevant part, provides:
“1. In every action or special proceeding, for any cause whatsoever, prosecuted or maintained against an authority, other than a claim arising out of a condemnation proceeding, the complaint or necessary moving papers shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the authority for adjustment and that it has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.” (Emphasis added.)
*849 The failure to allege the presentment of a timely notice of claim to NYCHA as required by Public Housing Law § 157 (1) renders a complaint legally insufficient and warrants its dismissal for failure to state a cause of action (Kovachevich v New York City Hous. Auth., 295 AD2d 255 [1st Dept 2002] [tort and breach of contract]; Leon v New York City Hous. Auth., 214 AD2d 455 [1st Dept 1995] [constitutional claim]; Reaves v City of New York, 177 AD2d 437 [1st Dept 1991] [tort]; New York City Hous. Auth. v Roberts, 2002 NY Slip Op 50144[U] [App Term, 1st Dept 2002] [breach of warranty of habitability]; Trio Bronx Inc. v Hernandez, 2009 NY Slip Op 32506[U] [Sup Ct, NY County 2009] [breach of contract and tort]).
Plaintiff Potter argues, in several ways, that Public Housing Law § 157 (1) does not apply to the case at bar. These arguments have no merit. First, General Municipal Law § 50-e, concerning the service of a notice of claim, applies “[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation” (General Municipal Law § 50-e [1] [emphasis added]), and the plaintiff’s second and fourth causes of action do not sound in tort. General Municipal Law § 50-e, however, is not the statute requiring the presentment of a claim to NYCHA.
“While § 50-e refers generally to public corporations, not just municipal corporations, nonetheless it is not the statute which actually requires a notice of claim. It contemplates the existence of some other statute that will make a notice of claim a condition precedent to suit. If such a statute exists, then § 50-e provides the uniform rules for the notice of claim, notwithstanding any inconsistent general law, local law or charter provisions.” (Kreindler, Rodriguez, Beekman and Cook, New York Law of Torts § 17:26 [15 West’s NY Prac Series 2010] [footnotes omitted].)
Public Housing Law § 157 (1) is the statute actually requiring the presentment of a claim to NYCHA before suit, and the statute expressly requires the presentment to be made “[i]n every action or special proceeding, for any cause whatsoever” (emphasis added).
Second, while the notice of claim requirements of General Municipal Law § 50-e do not apply where the plaintiff primarily *850 seeks equitable relief and only incidentally seeks monetary damages (see Rist v Town of Cortlandt, 56 AD3d 451 [2d Dept 2008]; Smith v Town of Long Lake, 40 AD3d 1381 [3d Dept 2007]; Stanton v Town of Southold, 266 AD2d 277 [2d Dept 1999]), Public Housing Law § 157 (1), the statute that actually makes presentment of a claim to NYCHA a condition precedent to suit, applies, nevertheless, to “any cause whatsoever” (emphasis added).
The language of Public Housing Law § 157 (1) is broad enough to encompass equitable claims, and, the equitable relief exception is thus unavailable to plaintiff Potter (see Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164 [2d Dept 2001]). Although the plaintiffs attorney asserts that “[n]owhere in the complaint does the plaintiff seek money damages from NYCHA,” the prayer for relief demands, inter alia, “actual and punitive damages” without a specification of parties.
Third, while state notice of claim requirements do not apply to federal civil rights claims (see Pendleton v City of New York, 44 AD3d 733 [2d Dept 2007]; Welch v State of New York, 286 AD2d 496 [2d Dept 2001]; Zwecker v Clinch, 279 AD2d 572 [2d Dept 2001]), plaintiff Potter has asserted only state claims for breach of contract, promissory estoppel, and fraud against defendant NYCHA. The plaintiff, moreover, did not show that the United States Housing Act of 1937 preempts Public Housing Law § 157 (1). Plaintiffs causes of action, though they concern a federal program, do not allege municipal actions that allegedly violated her federal civil and constitutional rights under 42 USC § 1983 so as to dispense with the notice of claim requirement (see Montano v City of Watervliet, 47 AD3d 1106 [3d Dept 2008]).
The plaintiffs reliance on Disabled in Action of Metro. N.Y. v Trump Intl. Hotel & Tower (2003 WL 1751785, 2003 US Dist LEXIS 5145 [SD NY 2003]) is misplaced because that case involved the issue of whether, under title III of the Americans with Disabilities Act, the plaintiffs had to notify the appropriate state or local agency 30 days before filing suit against a hotel owner.
Fourth, although there is an exception to the notice of claim requirement where a plaintiff has brought an action not only to assert a private right, but also to vindicate a public interest (see Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164 [2001], supra; Wallikas v Harder, 67 F Supp 2d 82 [ND NY 1999]), plaintiff Potter’s conclusory allegations that she brought *851 this action to vindicate a public interest do not suffice. Indeed, under all of the circumstances of this case, including the budgetary constraints upon NYCHA, plaintiff Potter’s joinder of the Housing Authority to this case will not have a significant public benefit. Moreover, her primary concerns are redressing her own personal injuries and preventing NYCHA from terminating her Section 8 voucher. While all litigation may have a general deterrent effect on future misconduct, the disposition of this case will not directly affect the rights of others (see Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164 [2001], supra; Wallikas v Harder, 67 F Supp 2d 82 [1999], supra).
Accordingly, the defendant NYCHA’s motion to dismiss the complaint is granted only as to defendant John B. Rhea, as Chairperson of the NYCHA.