[924 NYS2d 634]

RODNEY FRANK, Appellant, v STATE OF NEW YORK, OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, et al., Respondents.

Third Department, June 2, 2011

## APPEARANCES OF COUNSEL

*Saunders Kahler, L.L.P.*, Utica (*Michael D. Callan* of counsel), for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Julie M. Sheridan* of counsel), for respondents.

## OPINION OF THE COURT

LAHTINEN, J.

Plaintiff, a state employee since 2004, commenced this action premised upon the public employee whistleblower statute (*see* Civil Service Law § 75-b) and 42 USC § 1983 after he was terminated in February 2009 from his job with defendant Office of Mental Retardation and Development Disabilities (hereinafter OMRDD). He asserts that, when employed as a Developmental Aide at a facility operated by OMRDD in Schenectady County, he observed improper governmental practices that he allegedly reported to various supervisors and that, in February 2007, a patient at the facility died as a result of improper actions by OMRDD employees. Shortly thereafter, plaintiff was promoted to Habilitation Specialist 1. However, he contends that his cooperation with, among others, police and the Office of the Inspector General regarding the patient's death resulted in the termination of his promotion during the probationary period in February 2008. He was reassigned to his prior position as a Developmental Aide, but after receiving notice of his demotion, he filed a workers' compensation claim contending that he was unable to work because of stress from the job. Although the

workers' compensation claim was denied, plaintiff did not return to work. He was notified in January 2009 that he would be subject to termination pursuant to Civil Service Law § 73 in February 2009 because of his continuous absence from work for over a year due to a nonoccupational injury. Such termination occurred and this litigation ensued in July 2009.

In addition to OMRDD, plaintiff named as defendants four individuals from OMRDD, Jennifer Hoerup (OMRDD's former Director of Institution Human Resources Management), Maria Ortega (OMRDD's current Director of Institution Human Resources Management), Tara Willette (OMRDD's Director of Staff Development and Training) and David Slingerland (OMRDD's Director of the Capital District Developmental Disabilities Services Office). He set forth three causes of action. His first cause of action as to all defendants except Ortega alleges a violation of Civil Service Law § 75-b regarding the February 2008 loss of his probationary position, and the second cause of action asserts as to all defendants except Hoerup that such statute was violated with respect to plaintiff's February 2009 termination from his permanent position. The third cause of action against the individual defendants, premised on 42 USC § 1983, contends that plaintiff's First Amendment rights were violated because he was allegedly terminated from his probationary and permanent positions for speaking with police, the Office of the Inspector General and the deceased patient's parents and their attorney. Supreme Court, among other things, granted defendants' motion to the extent of dismissing the first cause of action as time-barred under Labor Law § 740 (4) (a) and the third cause of action as barred by the election of remedies provision of Labor Law § 740 (7). It also dismissed the individual defendants from the second cause of action. Plaintiff appeals contending that it was error to dismiss the third cause of action and to dismiss the individual defendants from the second cause of action.

Plaintiff argues that the so-called waiver or election of remedies provision of Labor Law § 740 (7) should not be extended to cover his 42 USC § 1983 cause of action and, further, that such an extension would violate the Supremacy Clause (see US Const, art VI, cl 2). By way of background, in 1984 the Legislature created new rights and accompanying remedies to protect private sector and public sector whistleblower employees (see L 1984, ch 660, §§ 1, 2; Mem of Off of Ct Admin, 1984 McKinney's Session Laws of NY, at 3875). Labor Law § 740 applies to retaliatory personnel actions by private employers (see Labor Law

§ 740 [1] [b]). Civil Service Law § 75-b, which pertains to public employers, accords public employees some expanded protections (*see Hanley v New York State Exec. Dept., Div. for Youth*, 182 AD2d 317, 320 [1992]; Governor's Mem approving L 1986, ch 899, 1986 McKinney's Session Laws of NY, at 3215), addresses whistleblower protections in various potential disciplinary proceedings (*see* Civil Service Law § 75-b [3] [a]), and provides that, where a public employee brings an action premised upon an alleged violation of whistleblower rights, then the terms and conditions of Labor Law § 740 apply (*see* Civil Service Law § 75-b [3] [c]).

Labor Law § 740 (7), after broadly providing that the statute does not diminish an employee's rights and remedies, goes on to carve out an exception in that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." The Court of Appeals has observed that documents in the legislative history "repeatedly refer to section 740 (7) as an election-of-remedies provision, thus contemplating that a plaintiff will *choose* whether to file a section 740 whistleblower claim or some other claim" (*Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 87 [2008]). Labor Law § 740 further provides that the phrase "law, rule or regulation," which is included in the subdivision (7) exception, "includes any duly enacted statute or ordinance or any rule or regulation promulgated pursuant to any federal, state or local statute or ordinance" (Labor Law § 740 [1] [c]). Since 42 USC § 1983 is a federal statute, the subdivision (7) exception appears on cursory analysis to apply.

However, upon closer scrutiny, we discern interpretative problems with casting the exception found in Labor Law § 740 (7) to cover a 42 USC § 1983 action. Initially, we note that two federal court decisions in New York have held that subdivision (7) should not be construed to encompass a cause of action springing from an asserted violation of the federal constitution (*see Gaughan v Nelson*, 1995 WL 575316, *6, 1995 US Dist LEXIS 14218, *15 [SD NY 1995]; *Majer v Metropolitan Transp. Auth.*, 1992 WL 110995, *1, 1992 US Dist LEXIS 6239, *2-3 [SD NY 1992]). Another federal court in New York, although not directly addressing a constitutionally based section 1983 action, nevertheless observed potential problems with a broad interpretation of the subdivision (7) exception and, accordingly, adopted

a narrow construction of the statute (*see Collette v St. Luke's Roosevelt Hosp.*, 132 F Supp 2d 256, 265-270 [SD NY 2001]). In *Collette*, the United States District Court for the Southern District related the close nature of a potential Supremacy Clause issue (*see Leaman v Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F2d 946 [6th Cir 1987], *cert denied* 487 US 1204 [1988] [en blanc court upholding by 8 to 6 vote a somewhat similar Ohio statute in the face of a Supremacy Clause challenge]), and the *Collette* court quoted the sage advice of Justice Holmes that " '[a] statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score' " (*Collette v St. Luke's Roosevelt Hosp.*, 132 F Supp 2d at 267, quoting *United States v Jin Fuey Moy*, 241 US 394, 401 [1916]).

■ Here, the statute applicable to public employers incorporates an exception contained in a statute addressing private employers. Private employers do not typically engage in state action and thus are not susceptible to 42 USC § 1983 claims. "Section 1983 is a vehicle for enforcing constitutional rights, which presupposes state action" (*Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327, 347 n 14 [2005] [citation omitted]). Hence, it follows that a statutory exception for potential actions against a private employer would not include section 1983, and a statute applicable to public employers that borrows the exception for private employers with no expansion or clarification should not be extended to encompass a section 1983 action absent clear legislative guidance. The issue, at a minimum, is ambiguous, and extinguishing a constitutionally-based right should rest on legislation that is free from ambiguity (*see Fuentes v Shevin*, 407 US 67, 95 [1972] ["a waiver of constitutional rights in any context must, at the very *least*, be clear"]; *Majer v Metropolitan Transp. Auth.*, 1992 WL 110995, *1, 1992 US Dist LEXIS 6239, *3 ["The New York State legislature will not be held to have required a waiver of constitutional rights unless that requirement is clear from the face of the statute"]).

We conclude that Labor Law § 740 (7), which is incorporated into actions against public employers under Civil Service Law § 75-b (3) (c), does not extend to exclude a potential 42 USC § 1983 cause of action (*cf. Hanley v New York State Exec. Dept. for Youth*, 182 AD2d at 320-321). Plaintiff's Supremacy Clause argument is thus academic as are his remaining reasons for restoring his third cause of action.

■ Plaintiff further argues that Supreme Court erred in dismissing the individuals named in his second cause of action because he sued them in their official capacity. We cannot agree. Consistent with the statutory language (*see* Civil Service Law § 75-b [1] [a] [i]-[vi]), we have previously held that the statute does not apply separately to individual public employees where the pertinent governmental entity is also sued (*see Moore v County of Rockland*, 192 AD2d 1021, 1024 [1993]; *see also Kirwin v New York State Off. of Mental Health*, 665 F Supp 1034, 1039 [ED NY 1987]; *cf. Wallikas v Harder*, 67 F Supp 2d 82, 83 [ND NY 1999] ["In general, claims against municipal officials in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant"]; *but cf. Edelman v Israel*, 208 AD2d 1104, 1105 [1994] [Commissioner of Aviation named in official representative capacity in action involving county airport]). Here, the governmental entity—OMRDD—is being sued directly in the second cause of action. Supreme Court properly dismissed the individual defendants from that cause of action.

SPAIN, J.P., KAVANAGH, McCARTHY and GARRY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the third cause of action; motion denied to that extent; and, as so modified, affirmed.